Timothy PARKS, Appellant–Plaintiff,

v.

Patrick CUNNINGHAM, Jr.,
Appellee–Defendant.

No. 77A01–0109–CV–328.

Court of Appeals of Indiana.

Feb. 11, 2002.

Timothy Parks, Carlisle, IN, Appellant pro-se.

Michael R. Morow, Stephenson, Daly, Morow, Horn & Semler, Indianapolis, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

Timothy Parks appeals the trial court's denial of his motion for relief from judgment. Because we hold that the trial court was the incorrect forum in which to seek relief, we dismiss this appeal.

Cunningham was appointed to represent Parks in probation revocation proceedings. Parks later took issue with Cunningham's representation of him, and filed, *pro se*, a "Civil Action for Legal Malpractice and Denial of Effective Assistance of Counsel" in Sullivan Circuit Court. Appellant's Appendix at 6. Parks was incarcerated at the time at the Wabash Valley Correctional Facility and remains there today. On January 9, 2001, summary judgment was granted for Cunningham on Parks' complaint.

Parks attempted to initiate an appeal of the summary judgment order by preparing a Notice of Appeal and having it sent from the correctional facility to Sullivan Circuit Court on or about January 29, 2001. However, the Chronological Case Summary does not show that a Notice of Appeal was received or filed by Sullivan Circuit Court on or around that date, and a file-stamped copy of the Notice of Appeal was never returned to Parks. Thereafter, when Parks attempted to file his Appellant's

Case Summary with this court, the Clerk returned it, noting that a file-stamped copy of the Notice of Appeal was not attached and that Sullivan Circuit Court has no record of a Notice of Appeal having been filed in this case. After receiving this notice, Parks sent a copy of the Notice of Appeal to Sullivan Circuit Court with a request that it be filed. The Notice of Appeal was file-stamped as of the date it was received, March 26, 2001. He then re-filed in this court his Appellant's Case Summary with the file-stamped Notice of Appeal attached.

On May 25, 2001, this court issued a show cause order to Parks, ordering him to show cause why his appeal should not be dismissed because his Case Summary reflects that the Notice of Appeal was not timely filed. Parks responded to the show cause order, arguing that the Notice of Appeal was not timely filed due to no fault of his own and urging this court to accept the date in the Certificate of Service appended to the Notice of Appeal as the date of filing. This court entered an order which stated in pertinent part as follows:

> In his Response, [Parks] claims that on January 30, 2001, he mailed his Notice by regular U.S. mail. Thus, [Parks] contends that because he deposited his Notice in the mail nine days before it was due, he timely filed his Notice. In support, [Parks] has provided what appears to be a copy of his Notice. The Notice is not file-stamped but bears a January 30, 2001, certificate of service. [Parks] has also provided what appears to be a copy of the mail log from his correctional facility. The log appears to show that [Parks] took some action regarding a Notice on January 29, 2001.
>
> However, [Parks] admits he has no direct proof that he mailed his Notice on January 30, 2001, because, he alleges, his correctional facility does not keep such records. He also admits that the chronological case summary ("CCS") shows no filing of a Notice at the end of January 2001 or the beginning of February 2001. [Parks] explains this by speculating that the U.S. Postal Service lost the Notice, or the trial court clerk received the Notice but lost it before it could be entered on the CCS.
>
> Finally, [Parks] admits that the CCS shows that the trial court did not receive and file a Notice until March 26, 2001. However, he claims that once he learned that the trial court clerk had not received the Notice he mailed on January 30, 2001, he immediately mailed another Notice, which is the Notice recorded on the CCS as filed on March 26, 2001.
>
> Having reviewed [Parks'] Response ... and being duly advised, the Court FINDS AND ORDERS AS FOLLOWS:
>
> 1) Because [Parks] mailed his Notice of Appeal by regular U.S. mail, his Notice would have been deemed filed upon delivery to the trial court clerk. *See* Ind. Trial Rule 5(E).
>
> 2) Because the CCS shows that the trial court clerk did not receive a Notice of Appeal from the Appellant by the February 8, 2001, deadline, [Parks] failed to timely file his Notice of Appeal.
>
> 3) [Parks] has failed to show cause why this appeal should not be dismissed. Accordingly, this appeal is dismissed with prejudice....

Appellant's App. at 225–26.

Parks then filed a Motion for Relief from Judgment in Sullivan Circuit Court, again seeking relief from the January 9, 2001, order which led to this somewhat complicated procedural history. Part of his argument therein concerns the late filing of his Notice of Appeal and dismissal of his action in this court. The trial court denied the motion, and Parks now appeals to this court.

■ Parks has sought relief in the wrong forum. Once this court determined that the appeal was not timely, the trial court could not determine otherwise. Although Parks has phrased his motion as a motion for relief from the trial court's January 9, 2001, summary judgment order, what he really seeks is relief from the order of this court finding that he failed to show just cause why his Notice of Appeal was filed late. Parks' allegations of mistake and excusable neglect to justify Trial Rule 60(B) relief from judgment revolve primarily around the issue of the Notice of Appeal. Trial Rule 60(B) is not a substitute for direct appeal. *Indiana Family and Soc. Servs. Admin. v. Hospitality House of Bedford,* 704 N.E.2d 1050, 1060 (Ind.Ct.App.1998). Moreover, Rule 60(B) envisions exceptional and extraordinary circumstances justifying relief. *Id.* at 1061. This court already determined that there were no such circumstances as to entry of the January 9, 2001 judgment itself. Rather than seeking relief in the trial court, Parks should have sought transfer to the supreme court pursuant to Appellate Rule 57(B)(4) after his appeal was dismissed.[1] Because he did not do so, but sought relief in a forum unable to grant it, we hold that there is no appealable issue before this court, and we therefore dismiss this appeal.

Appeal dismissed.

KIRSCH, J., and SULLIVAN, J., concur.

---

1. "Transfer may be sought from adverse decisions issued by the Court of Appeals in the following form: ... (4) an order dismissing an appeal."